IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARNOLD REED,<br><br>        **Plaintiff,**<br><br>v.<br><br>RICHARD MORGENTHALER,<br>KIMBERLY HVARRE,<br>ROB JEFFREYS,<br>JAMES STUDER,<br>ERIC PLOTT,<br>JUSTIN JOHNSON, and<br>RICHARD HALL,<br><br>        **Defendants.** | Case No. 23-cv-03720-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion to Dismiss filed by Defendants Morgenthaler, Hvarre, Jeffreys, Studer, Plott, and Johnson pursuant to Federal Rules of Federal Procedure 12(b)(1) and (6). (Doc. 17). Plaintiff opposes the motion. (Doc. 20).

### ALLEGATION IN THE COMPLAINT

Plaintiff Arnold Reed, a former inmate within the Illinois Department of Corrections, commenced this action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that occurred while he was housed at Big Muddy River Correctional Center (Big Muddy). (Doc. 1). Plaintiff alleges that on November 18, 2021, his cellmate, Defendant Richard Hall, wrapped an electrical cord from a fan around his hand while he was sleeping and "violently assaulted, battered, and beat" him. (*Id.* at p. 5). As a result of the attack, Plaintiff suffered permanent injuries to his head, face, eyes, nose, back, and neck. (*Id.*).

Prior to the incident on November 18, 2021, Plaintiff had been previously beaten and

assaulted by Hall. (Doc. 1, p. 4). Plaintiff had informed correctional officers, guards, staff, and personnel at Big Muddy, including Defendants Plott, Johnson, and Studer, that he feared for his safety from his cellmate, and he requested to be permanently placed in a different cell, but Plaintiff was ignored and remained celled with Hall. (*Id.*).

Plaintiff sues Defendants Morganthaler, Hvarre, Jeffreys, Studer, Plott, and Johnson, who during the relevant times were employees of the Illinois Department of Corrections (IDOC), in their official and individual capacities. Plaintiff asserts that these Defendants deprived him of his rights under the Eighth and Fourteenth Amendments by failing to prevent cruel and unusual punishment and by failing to furnish reasonably safe living conditions. Plaintiff also sues his cellmate, Richard Hall, for intentionally violating his "right to personal integrity by striking [him] in the head and face without consent." (Doc. 1, p. 16).

**MOTION TO DISMISS**

I.  **Legal Standard**

Defendants file their motion pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Rule 12(b)(1) permits the dismissal of any claim over which a federal court lacks subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). While the purpose of a motion to dismiss filed pursuant to Rule 12(b)(6) is to decide the adequacy of the complaint. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Under both rules, the Court is to construe the Complaint "in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged and drawing all possible inferences in her favor." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008); *Alicea-Hernandez v. Catholic Bishop of Chi.*, 320 F.3d 698, 701 (7th Cir. 2003).

II.  **Official Capacity Claims**

Plaintiff sues Defendants Morgenthaler, Hvarre, Jeffreys, Studer, Plott, and Johnson (IDOC Defendants) in their official and individual capacities for monetary damages only.

Defendants argue that the official capacity claims for monetary damages are barred by the Eleventh Amendment and should therefore be dismissed. Defendants seek dismissal of the official capacity claims under both Rule 12(b)(1) and 12(b)(6), noting that it is unsettled whether an Eleventh Amendment immunity defense should be raised under Rule 12(b)(1) for lack of jurisdiction or Rule 12(b)(6) for failure to state a claim. (Doc. 17, p. 3, n. 2) (citing *Wisc. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998) (observing that it is yet to be decided whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction"); *Williams v. Ill. Dep't of Children & Family Servs.*, No. 19-CV-03296, 2021 WL 861695, at *1 (C.D. Ill. Mar. 8, 2021) (ruling on a motion to dismiss brought pursuant to Rule 12(b)(1) that the court lacked subject matter jurisdiction over state agencies under the Eleventh Amendment); *Mathlock as next friend of J.R. v. Fleming*, No. 18 CV 6406, 2019 WL 2866726, at *1 (N.D. Ill. July 3, 2019) ("the Eleventh Amendment 'does not curtail subject-matter jurisdiction'" (quoting *Endres v. Ind. State Police,* 349 F. 3d 922, 925 (7th Cir. 2003))).

The Court finds that Rule 12(b)(1) is the proper rule for bringing a motion to dismiss based on an Eleventh Amendment sovereign immunity defense. While the Seventh Circuit precedent has at times referred to the Eleventh Amendment as "non-jurisdictional" because it does not always serve as "a true limitation on federal courts' subject matter jurisdiction," *McHugh v. Ill. Dep't of Transp.,* 55 F. 4th 529, 533-34 (7th Cir. 2022), the Seventh Circuit Court has made clear in recent years that state sovereign immunity "is a jurisdictional defense." *See Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021). The "Eleventh Amendment is 'jurisdictional' in the sense that a defendant invoking its sovereign immunity deprives a federal court of jurisdiction over the claims against that defendant." *McHugh,* 55 F. 4th at 533-534. *See also Sherwood v. Marchiori,* 76 F. 4th 688, 693 (7th Cir. 2023) (citing to *McHugh* and addressing the Eleventh Amendment as a jurisdictional issue). Thus, the Court finds that the request to dismiss

the official capacity claims as barred by the Eleventh Amendment is best evaluated under Rule 12(b)(1) for lack of subject matter jurisdiction.

"It is well-established that suits against government officials in their official capacity are suits against the governmental entity of which the officer is an agent." *Ames v. Randle,* 933 F.Supp.2d 1028, 1038 (N.D. Ill. March 18, 2013); citing *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). A civil rights lawsuit for damages against a state official in his official capacity is barred by the Eleventh Amendment. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). Plaintiff does not offer any argument to the contrary. (*See* Doc. 20). Therefore, the claims against the IDOC Defendants in their official capacities for money damages are dismissed under Rule 12(b)(1).

### III.   Fourteenth Amendment Claims

Plaintiff sues the IDOC Defendants under both the Eighth and Fourteenth Amendments for cruel and unusual punishment. Defendants argue that the claims brought pursuant to the Fourteenth Amendment should be dismissed, as the Eighth Amendment provides "an explicit source for analysis of such a claim…rather than the more generalized concept of substantive due process." (Doc. 17, p. 3). Plaintiff does not oppose this argument in his response brief, and the Court agrees that dismissal is appropriate. "[T]he Eighth Amendment's prohibition against cruel and unusual punishment provides an explicit textual source of constitutional protection from the alleged wrong; thus, the Court need not evaluate [Plaintiff's] claims under the Fourteenth Amendment." *Courtney v. Butler,* No. 16-CV-1062-NJR, 2024 WL 416479, at *8 (S.D. Ill. Feb. 5, 2024). *See Childress v. Walker,* 787 F. 3d 433, at 438-39 (7th Cir. 2015) (a plaintiff "should resort to the substantive guarantees of the Due Process Clause for relief only when there is not 'a particular Amendment [that] provides an explicit textual source of constitutional protection'" (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 841 (1998))). Plaintiff's claims of cruel and unusual

punishment brought pursuant to the substantive due process clause of the Fourteenth Amendment against the IDOC Defendants are dismissed.

### IV. Eighth Amendment Cruel and Unusual Punishment Claim against Morgenthaler, Hvarre, and Jeffreys in their Individual Capacities

Finally, the IDOC Defendants argue that Plaintiff has failed to state a claim against the defendants who served as upper-level officials during the time periods alleged in the Complaint – Warden Richard Morgenthaler, Assistant Warden of Operations Kimberly Hvarre, and Director of IDOC Rob Jeffreys. (Doc. 17, p. 6-7). Defendants contend that Plaintiff fails to allege any personal involvement on behalf of Morgenthaler, Hvarre, and Jeffreys in the alleged constitutional violations. The Complaint contains no factual assertions that these defendants were ever made aware of any alleged threat to Plaintiff's safety or that they acted with deliberate indifference to Plaintiff's safety. Because Defendants Morganthaler, Hvarre, and Jeffreys were named solely based on their supervisory roles within IDOC, Plaintiff has failed to state a claim against them. (*Id.*).

Plaintiff argues that his allegations in the Complaint sufficiently plead personal involvement in the constitutional violation by Morgenthaler, Hvarre, and Jeffreys and that they had knowledge of Plaintiff's fears for his safety and requests to be moved to a different cell. He points out that in the Complaint, he alleges that Morgenthaler, Hvarre, and Jeffreys were responsible for promulgating, establishing, and enforcing policies to prevent prison assaults from occurring, and they failed to take appropriate steps to prevent Plaintiff from being assaulted by his cellmate. He states that without further discovery:

> [I]t is unknown at this time whether Big Muddy Corrections Center had a chain-of-command policy in place for guards notifying supervisors of threats from other inmates…Plaintiff deserves to perform discovery to determine what was known by the specific Defendants prior to the assault of Plaintiff on November 18, 2021.

(Doc. 20, p. 4).

To successfully plead a failure to protect claim under the Eighth Amendment, "a plaintiff-inmate must allege that (1) 'he is incarcerated under conditions posing a substantial risk of serious harm,' and (2) defendant-officials acted with 'deliberate indifference' to that risk." *Brown v. Budz*, 398 F.3d 904, 909 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Because Plaintiff brings his claims under Section 1983, he must also allege that each defendant was personally involved in the deprivation of the constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). There is no *respondeat superior* liability Section 1983. An individual cannot be held liable solely because of his or her supervisory position. For supervisors,

> [a]n official satisfies the personal responsibility requirement of section 1983 ... if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent. That is, he must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery.

*Hildebrandt v. Ill. Dep't of Nat. Res.,* 347 F. 3d 1014, 1039 (7 Cir. 2003) (quoting *Gentry v. Duckworth,* 65 F. 3d 555, 561 (7th Cir. 1995)).

Here, Plaintiff has failed to plead facts establishing a causal connection between Plaintiff's alleged constitutional deprivation and the Defendants who were upper-level officials. Accepting as true Plaintiff's assertion that he told various personnel at Big Muddy of the threat to his safety posed by his cellmate, Richard Hall, this allegation is not sufficient for the Court to reasonably infer that Morgenthaler, Hvarre, and Jeffreys had actual knowledge of or were exposed in some way to information regarding a substantial risk of impending harm to Plaintiff. *See Washington v. LaPorte Cnty. Sheriff's Dept.,* 306 F. 3d 515, 518 (7th Cir. 2002) ("Under some circumstances, a risk might be so obvious that actual knowledge on the part of prison officials may be inferred."). Plaintiff also does not describe any acts or omissions on the part of Morgenthaler, Hvarre, and Jeffreys. He claims that Defendants were responsible for implementing and enforcing policies to

prevent prison assaults and makes the conclusory statement that Defendants failed to "take appropriate steps to prevent Plaintiff from being assaulted by his cellmate." (Doc. 1, p. 6-9). The fact that Defendants were in supervisory positions with various responsibilities regarding prison safety and security does not suggest above a speculative level that they personally disregarded the threat to Plaintiff by his cellmate. And finally, the Court finds Plaintiff's argument that he "deserves to perform discovery to determine what was known by the specific Defendants prior to the assault of Plaintiff," (Doc. 1, p. 4), not well taken. The need for further discovery does not demonstrate that Plaintiff has met his pleading burden. Accordingly, the Court grants the motion to dismiss as to Counts I, II, and III against Morganthaler, Hvarre, and Jeffreys.

### ANSWER BY DEFENDANT RICHARD HALL

Defendant Richard Hall has filed an answer to the Complaint in which he argues that he has never been incarcerated at Big Muddy Correctional Center. (Doc. 8). He states that the allegations against him in the Complaint are false, and he asks the Court to dismiss him from this case with prejudice. Because Hall is proceeding pro se, the Court construes his answer as a motion to dismiss under Federal Rule of Civil Procedure 12(b). Plaintiff is ordered to respond to the motion.

Furthermore, the Court believes that it does not have subject matter jurisdiction over the claim involving Defendant Richard Hall (Count VII). Richard Hall is currently incarcerated at Robinson Correctional Center and appears to be a private citizen. To be liable under Section 1983, the defendant must have deprived the plaintiff of a right secured by federal law or the Constitution while acting under the color of state law. Nothing in the Complaint characterizes Hall as a state actor or allows the Court to infer that Hall participated in conduct "fairly attributable of the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Thus, when responding to Hall's motion to dismiss, Plaintiff is directed to include in his response arguments for why the claim

against Hall should not be dismissed based on lack of subject matter jurisdiction.

## DISPOSITION

For the reasons stated above, the Motion to Dismiss filed by Defendants Morgenthaler, Hvarre, Jeffreys, Studer, Plott, and Johnson is **GRANTED.** (Doc. 17).

- The official capacity claims against Morgenthaler, Hvarre, Jeffreys, Studer, Plott, and Johnson for monetary damages are **DISMISSED with prejudice.**

- Plaintiff's claims of cruel and unusual punishment shall be analyzed under the Eighth Amendment and the cruel and unusual punishment claims brought pursuant to the substantive due process clause of the Fourteenth Amendment are **DISMISSED without prejudice**.

- Count I against Morganthaler, Count II against Hvarre, and Count III against Jeffreys are **DISMISSED without prejudice.**

Plaintiff shall respond to Defendant Hall's motion to dismiss (Doc. 8), as construed by the Court, on or before **January 6, 2025**. In his response, Plaintiff shall address the Court's jurisdiction to preside over his claim against Hall.

**IT IS SO ORDERED.**

DATED: December 6, 2024

                                            *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**