IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| ARNOLD REED,<br><br>                        **Plaintiff,**<br><br>v.<br><br>JAMES STUDER,<br>ERIC PLOTT,<br>JUSTIN JOHNSON, and<br>RICHARD HALL,[1]<br><br>                        **Defendants.** | Case No. 23-cv-03720-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Arnold Reed, a former inmate within the Illinois Department of Corrections (IDOC), commenced this action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights that occurred while he was housed at Big Muddy River Correctional Center (Big Muddy). (Doc. 1). Plaintiff alleges that on November 18, 2021, his cellmate, Defendant Richard Hall, wrapped an electrical cord from a fan around his hand while he was sleeping and "violently assaulted, battered, and beat" him. (*Id.* at p. 5). As a result of the attack, Plaintiff suffered permanent injuries to his head, face, eyes, nose, back, and neck. (*Id.*).

After ruling on the partial motion to dismiss filed by IDOC Defendants Hvarre, Jeffreys, Johnson, Morgenthaler, Plott, and Studer, Plaintiff is proceeding on an Eighth Amendment failure to protect claim against Defendants Johnson, Plott, and Studer, in their individual capacities. (Doc. 17, 21). All claims against Hvarre, Jeffreys, and Morgenthaler have been dismissed. Plaintiff is

---

[1] The Clerk of Court is **DIRECTED** to modify the docket to reflect that Defendants are being sued in their individual capacities only. The official capacity claims were previously dismissed. (Doc. 21).

also proceeding against his cellmate, Richard Hall, for intentionally violating his "right to personal integrity by striking [him] in the head and face without consent." (Doc. 1, p. 16).

Because Defendant Hall is proceeding pro se, the Court has construed his answer to the Complaint as a motion to dismiss under Federal Rule of Civil Procedure 12(b). (Doc. 8, 21). In the motion, Hall argues that Plaintiff has served the wrong person. He asserts that he has never been incarcerated at Big Muddy Correctional Center, he was not incarcerated during the times described in the Complaint, he has no knowledge of the facts asserted, and the allegations against him are demonstrably false. (Doc. 8). The Court directed Plaintiff to respond to the motion to dismiss by January 6, 2025. (Doc. 21). Plaintiff was to respond to Hall's arguments and brief the Court on whether the Court has subject matter jurisdiction over the claim involving Hall. Plaintiff has failed to do so.

## DISCUSSION

The Court dismisses the claims against Hall for lack of subject matter jurisdiction and for failure to state a claim. FED. R. CIV. P. 12(b)(1) and (6). Plaintiff claims that Hall was an inmate at Big Muddy Correctional Center, and Hall argues that he was not even incarcerated at the time of the attack. Either way, nothing in the Complaint allows the plausible inference that Hall was acting under the color of state law, as is required by Section 1983, when he allegedly attacked Plaintiff. *See Spiegel v. McClintic,* 916 F. 3d 611, 616 (7 Cir. 2019) ("[t]he under-color-of-state-law element meant that §1983 does not permit suits based on private conduct"). There is also no apparent other viable federal claim or the existence of diversity jurisdiction. *See* 28 U.S.C. § §1331, 1332. Accordingly, the claims against Hall are dismissed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6). *See Spiegel v. McClintic,* 916 F. 3d 611, 616 (7th Cir. 2019) (affirming district court's ruling that the plaintiff had failed to state a claim under Section 1983 because the defendant was a private citizen); *Miles v. Mirrorball, Inc.*, 65 F. App'x 569, 570 (7th Cir. 2003) (lack of state

action "means that the plaintiff has failed to state a claim for which relief can be granted" and does deprive the court of jurisdiction); *Stewart v. McBride*, 68 F.3d 477, n.1 (7th Cir. 1995) (noting that an inmate is not a state actor). *But see Black v. Presence Health,* 857 F. App'x 866, 867 (7th Cir. 2021) (affirming the district court ruling dismissing the case for lack of subject matter jurisdiction as Section 1983 does not apply to private parties not acting under color of law).

### DISPOSITION

For the reasons stated above, Defendant Hall's motion to dismiss (Doc. 8), as construed by the Court, is **GRANTED**. All claims against Hall are dismissed without prejudice, and he shall be terminated as a party on the docket.

**IT IS SO ORDERED.**

**DATED:   January 17, 2025**

                                                *s/Stephen P. McGlynn*
                                                **STEPHEN P. MCGLYNN**
                                                **United States District Judge**